UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20052-CV-HOEVELER

LOTT & FRIEDLAND, P.A.,

    Plaintiff,

v.

CREATIVE COMPOUNDS, LLC,

    Defendant.
_____/

### ORDER AND REASONS

BEFORE the Court is the plaintiff's motion for remand. The motion has been fully briefed and is ready for a decision. For the reasons that follow, the motion is GRANTED.

### Background

In 2007 Creative Compounds, LLC, hired the intellectual property law firm Lott & Friedland under the terms of two representation agreements, one dated May 14, 2007 for "transactional" legal services and one dated August 6, 2007 for "litigation" services. Under both agreements, Creative Compounds was required to pay its legal bills within thirty days of receiving monthly billing statements or else be charged a "late payment charge equal to 12% annum of the outstanding balance."

In the complaint, the plaintiff claims $86,330.38 in damages consisting of $70,997.85 in unpaid legal fees and $15,332.53 in

accrued late payment charges.[1] Creative Compounds removed the case to federal court on January 8, 2010 based on diversity of citizenship and the fact that the plaintiff pled damages above the federal minimum. 28 U.S.C. § 1332. Lott & Friedland argues in favor of remand because its $86,330 in damages includes $15,332 in "interests and costs" which, by statute, do not count toward reaching the $75,000 jurisdictional minimum. The first question, therefore, is whether the $15,332 in finance charges is the kind of "interest and costs" excluded from the amount in controversy calculation.

I.

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). In Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994), which was written when the jurisdictional minimum was

---

[1] In the complaint, the plaintiff seeks the total of $86,330.38 "including finance charges" but does not specify how much of that amount is principal and how much is interest. About 150 pages of legal bills are attached to the complaint detailing the charges. Lott & Friedland provided an affidavit from the law firm's finance manager stating that Creative Compounds' unpaid legal bills total $70,997.85. The defendant does not dispute this calculation.

2

$50,000, the Eleventh Circuit summarized the different legal standards for assessing amount in controversy disputes:

> In the typical diversity case, plaintiff files suit in federal court against a diverse party for damages exceeding $50,000. Such a case will not be dismissed unless it appears to a "legal certainty" that plaintiff's claim is actually for less than the jurisdictional amount. In the typical removal case, a plaintiff files suit in state court seeking over $50,000. The defendant can remove to federal court if he can show, by a preponderance of the evidence, facts supporting jurisdiction. These standards give great weight to plaintiff's assessment of the value of plaintiff's case

Burns, 31 F.3d at 1094 (internal citations omitted). The court of appeals went on to note that neither of those general rules fit that particular case. Id. This Court feels somewhat similarly about the present situation. In a removal case where the exact amount of damages is unspecified, the defendant bears the burden of establishing the jurisdictional amount by a "preponderance of the evidence." Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). The Lowery court noted that:

> If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate. Id. at 1211.

Even though Lott & Friedland specifically pled some $86,000 in damages, the amount of damages that count toward the jurisdictional minimum is actually not specified on the face of the complaint. In any event, the Court will apply the preponderance-of-the-evidence standard discussed in Lowery, mindful of the Supreme Court's

3

instruction that, because removal is a statutory right, it should be construed in favor of state court jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

II.

According to the defendant's notice of removal, subject matter jurisdiction exists under 28 U.S.C. § 1332(a). The parties do not dispute the diversity of citizenship element but only whether the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] Interest that is an "integral part of the aggregate amount of damages claimed or is itself a principal obligation" counts toward the $75,000 threshold but interest that is merely incidental or accessory to the principal amount demanded does not. Brainin v. Melikian, 396 F.2d 153, 155 (3rd Cir. 1968); Brown v. Webster, 156 U.S. 328, 330 (1895). A number of courts have adopted the distinction articulated by the Third Circuit in Brainin that, "interest exacted as the agreed upon price for the hire of money" is included in the $75,000, while "charge[s] for delay in payment of money" are not. Id. at 155. In this case, the fee agreements provided for a finance charge on unpaid legal bills that remained unpaid for thirty days. The Court agrees with the plaintiff that the finance fee arrangement is a charge for the delay in payment of

---

[2] The diversity statute provides that district courts shall have original jurisdiction over all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

4

money, and is equivalent to excludable interest that is not part of the amount in controversy. See, e.g., Rosenn, Jenkins & Greenwald v. Spritzer, 2005 WL 1154418 *1 (M.D. Pa. 2005); Bruce Alan Herald, P.C., v. Baldwin, 2006 WL 2588657 *2 (E.D. Pa. 2006). Because it is undisputed that Lott & Friedland's claim for $86,330.38 includes $15,332.53 in finance charges owed solely because Creative Compounds failed to pay its legal bills on time, the principal amount in controversy is $70,997.85.

This does not end the analysis, however. Even excluding the $15,332 interest, Creative Compounds argues the value of the case exceeds $75,000 because Lott & Friedland has claimed attorney's fees. Indeed, when a plaintiff is entitled by statute or contract to recover legal fees as part of his damages, these fees count towards the amount in controversy. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n. 4 (11th Cir. 2003). The fee agreements provide that, "[s]hould it become necessary [for Lott & Friedland] to bring an action to collect our fees, the client is held liable for all costs of such action including attorneys' fees." This means if Lott & Friedland prevails, it is contractually entitled to recover attorney's fees spent to prosecute this breach of contract case.

In view of the fact that the principal claim of $70,997 is already only a few thousand short of the jurisdictional minimum, Creative Compounds argues that Lott & Friedland's claim for attorney's fees easily puts the case over the threshold.

Surprisingly, however, neither party has presented information (or made allegations) about the amount of attorney's fees Lott & Friedland incurred up to the date of removal, and neither side has made legal argument about whether post-removal attorney's fees can count toward establishing the $75,000.

Some courts have grappled with the question of future attorney's fees but managed to avoid answering it squarely. In Byars v. Hartford Casualty Ins. Co., 2009 WL 3077128 *1 (M.D. Ga. 2009), the plaintiff in a diversity case claimed exactly $75,000 in insurance benefits "plus attorney's fees," which were allowed by Georgia statute. Under those facts, the district judge didn't need to consider the legal significance of post-removal attorney's fees because the principal claim was only a single federal dollar short of the minimum and a dollar's worth of legal fees had (presumably) been expended in state court. Similarly, although the district court in Russell Corp. v. Ward, 2008 WL 2852311 *3 (M.D. Ala. 2008) concluded that, because the amount in controversy is assessed as of the date of removal, "estimated [post-removal] attorney fees should not be included in the jurisdictional amount" (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)), the court's position found some nourishment in the fact that the plaintiff's post-removal attorney's fees would need to surpass $25,000 (if not more) to meet the federal minimum, an estimation the court found to be "mere speculation." Finally, in Brown v. American Express Co., Inc., 2010 WL 527756 *8 (S.D. Fla. 2010), the magistrate judge,

while acknowledging conflicting cases on the subject, decided that even if estimated post-removal attorney's fees counted toward the amount in controversy calculation, the record contained no "factual (or other basis) to calculate the amount of prospective fees through the time of trial" sufficient to support the defendant's estimation the plaintiff's attorney's fees would be between $50,000 and $75,000.[3]

This case presents a slightly different situation, in that very little speculation is required to assume that the $70,997 in unpaid legal bills--plus whatever legal fees Lott & Friedland incurred before the notice of removal, plus the $2,100 Lott & Friedland specifically claims for preparing the motion for remand,[4] plus other future and unknown legal fees Lott & Friedland might incur through the conclusion of the case--would bridge the $4,004 gap between the $70,997 existing claim and the $75,000 minimum.

---

[3] The Court notes the result in Hall v. American Sec. Ins. Co., 2009 WL 2215131 *1 (S.D. Fla. 2009), in which the district court apparently accepted that future fees could be included in the amount in controversy computation but nevertheless found that the removing defendant did not meet its burden to show that future fees would be enough.

[4] In its motion for remand, Lott & Friedland seeks to recover the $2,100 associated with filing of the motion, pursuant to 28 U.S.C. § 1447(c). However, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. Martin v. Franklin Capital Group, 546 U.S. 132, 136 (2005). If Lott & Friedland had been more detailed in preparing the complaint (for example, by differentiating between the unpaid legal fees and the accrued interest on the face of the pleadings) this motion for remand may have been unnecessary. Lott & Friedland's request for $2,100 in attorney's fees is denied.

Creative Compounds has not presented evidence or even alleged that Lott & Friedland's legal bills prior to removal were $4,004. Because of the simplistic nature of the lawsuit and minimal time it should have required Lott & Friedland's lawyer to prepare the complaint, the Court is satisfied the amount in controversy cannot be met unless post-removal attorney's fees are considered part of the present value of the dispute. On the other hand, if Lott & Friedland's post-removal attorney's fees *are* part of the amount in controversy, the Court is satisfied the value of the case realistically exceeds $75,000. The issue, thus winnowed, is whether speculative attorney's fees should be considered in the diversity jurisdiction calculus.

A similar factual and legal setting was presented in <u>Waltemyer v. Northwestern Mutual Life Ins. Co.</u>, 2007 WL 419663 *1 (M.D. Fla. 2007), in which the district court agreed a "reasonable attorney's fee through the conclusion of this case [would] be sufficiently large to satisfy the jurisdictional amount," but nevertheless granted remand because under 28 U.S.C. § 1332, post-removal attorney's fees are not considered. "While attorney fees through the conclusion of the litigation are included when the action is filed initially in federal court," the court wrote, "there is no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal and the court cannot rely on post-removal events in examining its subject matter jurisdiction." <u>Id</u>. (citations omitted). This result

is consistent with the Seventh Circuit's thorough analysis of the question in <u>Gardynski-Leschuck v. Ford Motor Company</u>, 142 F.3d 955, 958 (7th Cir. 1998), in which the panel acknowledged that, even if it were possible to estimate future attorney's fees, such a calculation "includes the value of legal services that have not been and may never be incurred, and are therefore not 'in controversy' between the parties."

The Court agrees with the general rule that post-removal events, such as the subsequent generation of attorney fees, cannot create jurisdiction that was lacking at the outset. <u>Rogatinsky v. Metropolitan Life Ins. Co.</u>, 2009 WL 3667073 *3 (S.D. Fla. 2009); <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1097 (11th Cir. 1994). The defendant has not met its burden to show the amount in controversy, excluding interests and costs, met the jurisdictional minimum as of the date of removal. It is hereby,

ORDERED AND ADJUDGED: The plaintiff's motion for remand is GRANTED. The Clerk is directed to remand this case to the Circuit Court of the Eleventh Judicial Circuit of Miami-Dade County. All other pending motion are DENIED as moot.

DONE AND ORDERED in Miami, Florida, April 20, 2010.

*[signature]*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE